## *In re* WARREN.

No. 7249. Opinion Filed July 13, 1915.

Rehearing Denied September 21, 1915.

(151 Pac. 619.)

1.' **ATTORNEY AND CLIENT—Disbarment—Grounds.** Report of referee examined and **held,** the third subdivision of section 252, Rev. Laws 1910, provides that "the willful violation of any of the duties of an attorney or counselor" is a sufficient ground for the revocation of his license to practice law.

2. **SAME.** Report of referee and record examined, and **held** to contain sufficient evidence to support the findings of fact of the referee. **Held,** further, that the facts found constitute willful violation of the duties of any attorney or counselor, within the meaning of the third subdivision of section 252, **supra.**

(Syllabus by the Court.)

In the mater of the disbarment of C. B. Warren, Esq. The report of the referee confirmed, and respondent disbarred.

KANE, C. J. This proceeding was instituted upon the recommendation of the Supreme Court Bar Commission. In pursuance of such recommendation the Supreme Court entered an order appointing Hon. F. M. Cowgill, of Dacoma, Okla., as referee, with authority to compel the attendance of witnesses, to take testimony and to report said testimony, together with his findings of fact and conclusions of law, to the Supreme Court. The matter now comes on to be heard upon motion to confirm the report of the referee, which is not resisted. The report of the referee is in words and figures as follows, to wit:

"IN THE SUPREME COURT OF THE STATE OF OKLAHOMA.

"In the Proceedings to Disbar C. B. Warren of Gage, Okla.

"To the Honorable Supreme Court of the State of Oklahoma:

"Your referee to whom was referred the above-entitled proceedings to hear and report the evidence and make and report his findings of fact and conclusions of law, begs to report that he fixed the 15th day of April, 1915, as the date for the hearing, and Gage, Okla., as the place for the hearing, and notified the complainant, John Gardner, and the defendant, C. B. Warren, thereof; that at the request of the parties the date for the hearing was changed to the 26th day of April, 1915; that on that date the parties, George Gardner, complainant, and C. B. Warren, defendant, appeared before me, your referee, at the town of Gage, State of Oklahoma, and announced ready to proceed, whereupon the defendant took up his demurrer to the complaint, which, after hearing the argument and due consideration, was by your referee overruled, and an exception to the ruling allowed. Forthwith the defendant filed his answer to the complaint, denying generally all the allegations in the complaint contained, and the hearing was entered upon, and the evidence of the complainant offered and received. The

defendant offered no evidence. The complaint, demurrer and answer above mentioned, together with the orders of the court in this proceeding and other files in this proceeding and evidence, inclusive of exhibits and letters, are hereto attached and returned with this report as part thereof.

"Your referee finds the facts to be:

"First. That C. B. Warren was at the time alleged in said complaint, to-wit, July, 1912, the attorney of the Credit Clearing House, of New Orleans, La., for the collection of an account of $292.13 owing by Fred Becker to May & Ellis Company, of said city of New Orleans, and which account the said Clearing House had received for collection from the said May & Ellis Company, and that said account was forwarded to Morris Becker, who turned the same over to the defendant, C. B. Warren, and which action was ratified by the said Clearing House, and that the said C. B. Warren thereafter acted for the said Clearing House and the principal May & Ellis Company, owners of said account.

"Second. That the said C. B. Warren, as such attorney, came lawfully into possession of a check made by the said Fred Becker in payment of said account for the sum of $210.13, and cashed the same by withdrawing from the German-American State Bank, of Shattuck, Okla., at which it was made payable, the money it ordered paid, to-wit, $210.13.

"Third. That the said C. B. Warren appropriated the money, to-wit, $210.13, received in payment of said check as found in finding No. 2, to his own use and benefit.

"Fourth. That the said C. B. Warren has never paid over said money, to-wit, $210.13, nor any part thereof, to the Credit Clearing House of New Orleans, or to May & Ellis Company, the principals and owners of said account, nor to other person or persons for them or either of them, and that he now owes the same, with 6 per cent. interest from September, 1912, and has failed to pay the same.

"Fifth. That the said C. B. Warren offers as his excuse for not paying over said money to said Credit Clearing House, of New Orleans, or to May & Ellis Company, the principals and owners of said account, that he is financially unable to do so.

"From these facts your referee concludes: That the said C. B. Warren is guilty of a willful violation of his duty as an attorney and should be disbarred.

"I therefore recommend that the license of the said C. B. Warren be revoked, and that he be disbarred and prevented from practicing in the courts of the state of Oklahoma.

"[Signed] F. M. COWGILL, *Referee.*"

We have carefully examined the testimony taken before the referee, and are fully convinced that it amply sustains his findings of fact in the premises. With the facts established as found by the referee, there can be no doubt of the correctness of the conclusion of law reached by him, to-wit:

"That the said C. B. Warren is guilty of a willful violation of his duty as an attorney."

As "willful violation of any of the duties of an attorney or counselor" constitutes one of the statutory grounds for the revocation of his license to practice law, the court approves and adopts the report of the referee in the above-entitled matter, and orders that the license to practice law heretofore issued to said C. B. Warren be, and the same hereby is, revoked, and that said C. B. Warren shall hereafter be disbarred and prevented from practicing law in the courts of the state of Oklahoma.

All the Justices concur.